UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| GARGANUS T. MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:15-cv-00260-JMS-MJD |
| | ) | |
| S. FISCHER Sergeant, | ) | |
| S. POPE Officer, | ) | |
| POPE Nurse, | ) | |
| PETTY Lieutenant, | ) | |
| GARLAND Commissary/Pen Products Personnel, | ) | |
| SPURLIN Commissary/Pen Products Personnel, | ) | |
| C. KINNAMAN Commissary/Pen Products Personnel, | ) | |
| JOYNER Sergeant, | ) | |
| D. THOMSON Counselor, | ) | |
| GIBBY Commissary/Pen Products Personnel, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Filing Fee and Motion for Counsel,
Severing Claims, and Directing Further Proceedings**

**I.
Filing Fee**

Plaintiff Garganus Moore filed the required documents to demonstrate that he is entitled to proceed *in forma pauperis* in this action. Therefore, Mr. Moore's motion to proceed *in forma pauperis* [dkt 3] is **granted** to the extent that he is assessed an initial partial filing fee of Three Dollars and Forty Cents ($3.40). He shall have **through September 28, 2015**, in which to pay this sum to the clerk of the district court.

Mr. Moore still owes the entire filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although

poverty may make collection impossible." *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996).

## II.
## Motion for Counsel

The plaintiff's motion for counsel [dkt 4] is **denied**. The complaint has not yet been screened, the defendants have not appeared, and therefore the defendants have not responded to the complaint. The Seventh Circuit has held that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged." *Kadamovas v. Stevens*, 706 F.3d 843, 846 (7th Cir. 2013).

Even if the defendants had answered, Mr. Moore's motion would still be denied. "When a *pro se* litigant submits a request for court-appointed counsel, the district court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own." *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). In his motion, Mr. Moore acknowledges that he has not attempted to procure counsel. For this additional reason, Mr. Moore's motion for counsel is denied.

## III.
## Misjoined Claims

Mr. Moore is a prisoner currently confined in Wabash Valley Correctional Facility ("Wabash Valley"), which is also where the incidents described in his complaint occurred. He alleges that ten defendants, all of whom are employees at Wabash Valley, violated his constitutional rights. He seeks damages and declaratory relief.

The Court discerns that the complaint alleges the following claims:

- Defendants Sergeant S. Fischer and Officer S. Pope used excessive force against Mr. Moore in violation of his Eighth Amendment rights on July 28, 2015.

- Defendant Nurse Pope failed to provide Mr. Moore necessary medical treatment following the alleged excessive force used against him in violation of his Eighth Amendment rights on July 28, 2015.

- Defendant Lieutenant Petty failed to obtain for Mr. Moore necessary medical treatment following the alleged excessive force used against him in violation of his Eighth Amendment rights on July 29, 2015.

- Defendants Lieutenant Petty, Garland, Spurlin, C. Kinnaman, Sergeant Joyner, D. Thomson, and Gibby violated Mr. Moore's Eighth Amendment rights on July 29, 2015, by providing him with razors that he used to attempt suicide, even though inmates such as Mr. Moore who are housed in the Mental Health Unit are not permitted to have razors in their cells, and the defendants knew that Mr. Moore was in the Mental Health Unit because he was suicidal.

The complaint sets forth unrelated claims against several defendants. In *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), the Court of Appeals explained that "[u]nrelated claims against different defendants belong in different suits." In such a situation, "[t]he court may . . . sever any claim against a party." Fed. R. Civ. P. 21.

**This action shall proceed** as to Mr. Moore's excessive force claim against Sergeant S. Fischer and Officer S. Pope and his medical claims against Nurse Pope and Lieutenant Petty. Mr. Moore alleges that Nurse Pope's failure to treat him was due in part to the fact that her husband, Officer S. Pope, caused Mr. Moore's injuries. These claims shall therefore proceed in the same suit and will be screened by separate entry.

Mr. Moore's remaining Eighth Amendment claim against defendants Lieutenant Petty, Garland, Spurlin, C. Kinnaman, Sergeant Joyner, D. Thomson, and Gibby regarding their alleged providing of Mr. Moore with razors **is severed** and shall proceed in a separate lawsuit.

To effectuate the foregoing ruling, a **new civil action** from the Terre Haute Division shall be opened, consistent with the following:

- Garganus T. Moore shall be the plaintiff in the newly opened action.

- The Nature of Suit for the newly opened actions shall be 550.

- The Cause of Action for the newly opened action shall be 42:1983pr.

- The complaint in this action shall be filed and re-docketed as the complaint in the newly opened action.

- A copy of this Entry shall be docketed in the newly opened action.

- This action and the newly-opened action shall be shown as linked actions.

- The defendants in the newly opened action shall be Lieutenant Petty, Garland, Spurlin, C. Kinnaman, Sergeant Joyner, D. Thomson, and Gibby.

**IT IS SO ORDERED.**

Date: _08/25/2015_

_Hon. Jane Magnus-Stinson, Judge_
United States District Court
Southern District of Indiana

Distribution:

GARGANUS T. MOORE, 170307
WABASH VALLEY CORRECTIONAL FACILITY
Electronic Service Participant – Court Only