UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| GARGANUS T. MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 2:15-cv-00260-JMS-MJD |
| | ) |
| S. FISCHER Sergeant, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Motion for Summary Judgment**

Plaintiff Garganus Moore, who is currently incarcerated at Wabash Valley Correctional Facility ("Wabash Valley"), brings this action pursuant to 42 U.S.C. § 1983 against defendants Scott Fischer, Scott Pope, Lieutenant Petty, and Nurse Pope. He alleges that the former two defendants used excessive force against him, and that the latter two defendants failed to provide him constitutionally adequate medical care. Defendants Scott Fischer, Scott Pope, and Lieutenant Petty move for summary judgment on the ground that Mr. Moore failed to exhaust his administrative remedies before bringing this suit. Defendant Nurse Pope moves to join in their motion, and her motions to do so are **granted**. [Filing No. 33; Filing No. 36.] For the reasons explained in this Entry, the defendants' motion for summary judgment is **granted**. [Filing No. 29.]

**I.
Background**

Mr. Moore was at all times relevant to this action an inmate at Wabash Valley. Defendants were all employed at Wabash Valley during that time. Mr. Moore alleges that on July 28, 2015, Sgt. Fischer and Office Pope used excessive force when they smashed his hands in the cuffport of

his cell and sprayed him with a chemical agent in violation of his Eighth Amendment rights. Further, Mr. Moore alleges that Nurse Pope failed to treat the injuries sustained during the cuffport incident, and that the following day, Lieutenant Petty ignored his requests for medical attention.

The defendants move for summary judgment on the ground that the claims are barred under the exhaustion provision of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, that requires a prisoner to first exhaust his available administrative remedies before filing a lawsuit in court. Mr. Moore opposes summary judgment, arguing that he sufficiently exhausted his administrative remedies to the extent he could.

The following facts are derived from the undisputed evidence submitted by the parties. Purported factual disputes between the parties are discussed in the discussion section below.

IDOC has an Offender Grievance Process through which inmates, including those at Wabash Valley, can grieve issues related to their conditions of confinement. The purpose of the Offender Grievance Process is to provide administrative means by which inmates may resolve concerns and complaints related to their conditions of confinement. The Offender Grievance Process was revised on April 5, 2015, and this revision included the revision of the grievance forms inmates must use to submit grievances.

The Offender Grievance Process consists of three stages. First, an offender must attempt to resolve the grievance informally through officials at the facility by contacting staff to discuss the matter or incident subject to the grievance and seeking informal resolution. The informal grievance step must ultimately include the submission by the inmate of State Form 52897 to the Offender Grievance Specialist.

Second, if the offender is unable to obtain a resolution of the grievance informally, he proceeds to the Level I formal grievance process. The formal grievance must be submitted on

State Form 45471 and meet the other requirements set forth in the Offender Grievance Policy. A Grievance Specialist will then screen the formal grievance, and if, without good cause, the formal grievance does not comply with the requirements of the Offender Grievance Policy, it will be returned to the inmate with an explanation of why it was deficient. It is then the responsibility of the inmate to correct the noted deficiencies and resubmit the formal grievance. If the formal grievance complies with the Offender Grievance Policy, the Grievance Specialist logs the grievance and provides a receipt to the inmate.

Third, if the Level I formal grievance process does not resolve in a manner that satisfies the inmate, he may submit an appeal to the Department Offender Grievance Manager.

At all times relevant to this case, Teresa Littlejohn was a Grievance Specialist at Wabash Valley. Her familiarity with the grievance process and relevant computer programs and forms at Wabash Valley allows her to determine what the grievance logs at Wabash Valley reflect regarding what grievances inmates have filed. The grievance logs reflect that Mr. Moore did not properly file a formal Level I grievance or a grievance appeal.

Shortly after the cuffport incident, Mr. Moore sent grievances to Counselor Thomas and asked Counselor Thomas to send them to Ms. Littlejohn. Counselor Thomas sent the grievances back to Mr. Moore unfiled and informed Mr. Moore that he had used the wrong grievance form and also needed to go through the informal grievance process first. On July 30, 2015, Mr. Moore wrote back to Counselor Thomas that he saw "no point in doing a informal grievance" since there was no remedy "for the excessive force . . . used upon me," that he spoke to many people about the incident, which is sufficient to informally grieve, and that he wanted the grievances sent to Ms. Littlejohn. [Filing No. 2-2 at 40.]

The next day, on July 31, 2015, Counselor Thomas sent the grievances to Ms. Littlejohn with a note stating that he explained to Mr. Moore the correct procedure, but Mr. Moore insisted that Ms. Littlejohn "get these incorrect and outdated forms." [Filing No. 2-2 at 40.] Mr. Moore wrote to Ms. Littlejohn on August 4, 2015, asking whether she received the grievances. She responded on August 6, 2015, that they were being returned to him and that he needed to follow the instructions on the Return of Grievance Form. Mr. Moore signed and dated his complaint filed in this Court on August 9, 2015. On August 11, 2015, Mr. Moore received the Return of Grievance forms, which stated that his grievances had been rejected because (1) there was no indication that he had attempted to resolve the complaint informally; and (2) he was using the wrong grievance form and must follow the current grievances procedures. Two days later, on August 13, 2015, Mr. Moore submitted three informal grievances forms, which were responded to be Wabash Valley staff on August 20-24, 2015.

Mr. Moore's complaint, dated August 9, 2015, was received by the Court on August 21, 2015. Mr. Moore contends that he forgot to change the date on his complaint before filing it, and he ultimately decided to file the complaint on August 17 or August 19. On August 21 and 25, 2015, Mr. Moore submitted a set of Level I formal grievances, but these grievances were also returned to Mr. Moore because they did not comply with the Offender Grievance Policy in that he complained about the result of a disciplinary proceeding and the relief he requested was not available through the grievance process.

## II.
## Standard of Review

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty*

*Lobby, Inc.,* 477 U.S. 242, 248 (1986). The court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to this motion for summary judgment is the PLRA, which requires that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted). Exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Id.* at 90 (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Because exhaustion is an affirmative defense, "the burden of proof is on the prison officials." *Kaba v. Stepp*, 458 F.3d 678, 680 (7th Cir. 2006). So here, the defendants bear the burden of demonstrating that the plaintiff failed to exhaust all available administrative remedies before he filed this suit. *Id.* at 681.

### III.
### Discussion

The undisputed facts demonstrate that the defendants have met their burden of proving that Mr. Moore "had available remedies that he did not utilize." *Dale*, 376 F.3d at 656. The Offender Grievance Process in place at Wabash Valley sets forth three required steps for an inmate to exhaust his administrative remedies, yet Mr. Moore did not comply with at least the final two steps. Specifically, even if the Court utilizes the August 19 date that Mr. Moore asserts he filed this action, he had not at that time filed a proper Level I formal grievance, nor has he at any time filed a grievance appeal. This was at least in part due to the fact that Mr. Moore's grievances were returned to him because they failed to comply with Offender Grievance Process. But the exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90 (citation and quotation marks omitted). Mr. Moore did not *properly* file his grievances, and thus the fact that his grievances were returned to him is of no avail.

Mr. Moore resists the obvious conclusion of the foregoing on several grounds, none of which is persuasive. First, he argues that he previously used an outdated grievance form and it was not returned. His evidence of this, however, is a grievance from October 17, 2014, which is before the Offender Grievance Process and the grievance forms were revised on April 5, 2015. Mr. Moore therefore has no evidence that the old grievance form was accepted after it had been revised.

6

Second, Mr. Moore argues that the old and revised grievance forms are essentially the same, so his old grievance form should not have been rejected. As an initial matter, as the respondent points out, there were significant changes to the revised form—e.g., the informal grievance process has been separated from the Level I grievance form—so the premise of Mr. Moore's argument is simply incorrect. But even if the forms were substantially the same, Mr. Moore's argument would still be a non-starter since "[p]risoners must follow state rules about the time and content of grievances," *Riccardo v. Rausch*, 375 F.3d 521, 523 (7th Cir. 2004), and the Offender Grievance Process requires inmates to submit grievances on the appropriate form.

Finally, Mr. Moore asserts that he attempted to properly exhaust his administrative remedies once he was alerted as to the deficiencies in his initial grievances. Even if this were true, the PLRA requires exhaustion to "precede litigation," which is to say that "'[n]o action shall be brought' until exhaustion has been completed." *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (quoting *Perez v. Wis. Dept. of Corr.*, 182 F.3d 532 (7th Cir. 1999)). Mr. Moore filed this suit on August 19, 2015 (taking his assertions about this as true), and at that time he had not exhausted his administrative remedies. What occurred after this date regarding exhaustion is irrelevant for the purposes of this case.

In sum, the undisputed evidence shows that Mr. Moore did not exhaust his administrative remedies as required by the PLRA. The consequence of this, in light of 42 U.S.C. § 1997e(a), is that Mr. Moore's claims must be dismissed without prejudice. *See Ford*, 362 F.3d at 401 (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

## IV.
## Conclusion

For the reasons explained above, Nurse Pope's motions to join in the other defendants' motion for summary judgment are **granted**, and the defendants' motion for summary judgment is **granted**. [Filing No. 29; Filing No. 33; Filing No. 36.] Mr. Moore's claims are **dismissed without prejudice**. Final Judgment shall issue.

**IT IS SO ORDERED.**

Date: February 4, 2016

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

GARGANUS T. MOORE
DOC # 170307
Wabash Valley Correctional Facility
Electronic Service Participant -- Court Only

Electronically Registered Counsel